PROB. 12B
(7/93)

**ORIGINAL**



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 06 2006

at __11__ o'clock and ___ min __P__ M
SUE BEITIA, CLERK

# United States District Court

### for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: OWEN K. ABAD          Case Number: CR 02-00271DAE-01

Name of Sentencing Judicial Officer:  The Honorable David Alan Ezra
                                       U.S. District Judge

Date of Original Sentence: 12/11/2002

Original Offense:   BURGLARY OF A RESIDENCE, in violation of Hawaii Revised Statutes (HRS) § 708-810 and 18 U.S.C. § 13, a Class B felony

Original Sentence:  Fifty-five (55) months imprisonment to be followed by three (3) years supervised release. The following special conditions were ordered: 1) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 2) That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) That the defendant is prohibited from possessing any illegal or dangerous weapons; 4) That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office; and 5) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition. The Court also ordered that restitution of $18,736 is due immediately to Adam and Rita Cichon, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived.

Prob 12B
(7/93)

2

Type of Supervision: Supervised Release   Date Supervision Commenced: 11/18/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

Mandatory Condition:

> That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

6. That defendant is prohibited from the possession and use of alcohol.

7. That the defendant serve 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. Special Condition | The defendant has not made restitution payments as required by the District of Hawaii Collection Policy. |
| 2. General Condition | On 6/9/2006, the defendant was arrested for Disorderly Conduct, a violation of HRS § 711-1101, a petty misdemeanor. |

On 11/18/2005, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii.

This report concerns 1) the subject's non-payment of restitution for the months of January, February, and April 2006; and 2) the subject's arrest on 6/9/2006 for Disorderly Conduct.

Prob 12B
(7/93)

3

### Non-payment of Restitution

During his orientation to the supervision process, the subject was informed that he would be required to pay restitution pursuant to the District of Hawaii Fine and Restitution Policy. The policy requires monthly payments equal to 10 percent of an individual's gross monthly income if they receive less than $1,200 net. If an individual receives a net income of $1,200 or more, the policy requires payments of 25 percent of the net income. The subject acknowledged that he understood the policy. However, the subject has failed to submit restitution payments as set forth below:

| Month | Amount Due | Due Date | Payment Received | Arrearage |
|---|---|---|---|---|
| January | $592.20 | 2/28/2006 | $480 | **$112.20** |
| February | $510.79 | 3/30/2006 | $275 | **$235.79** |
| March | $583.32 | 4/30/2006 | $600 | +16.86 |
| April | $473.93 | 5/31/2006 | $355 | **$118.93** |
| | | | | **$450.06** |

As indicated, the subject only submitted partial restitution payments for the months of January, February, and April 2006. The subject is employed as a full-time laborer at WDI Industries, Honolulu, Hawaii. When questioned about his delinquent payments, the subject stated that he had been experiencing difficulty paying for his current living expenses after his net monthly income exceeded $1,200 in January 2006, and he was required to pay 25 percent of said income toward his restitution. The subject also noted that his expenses had continued to increase in preparation for the recent birth of his son and relocation to another residence. As a result, the subject is $450.06 behind on his restitution payments (approximately 3 months).

On 6/7/2006, the subject was issued a written reprimand and instructed to submit to a financial analysis. An initial review of his income and self-reported expenses indicate that the subject's expenses are greater than his income. However, verifying documentation regarding his reported expenses are still pending.

In considering the above information, the Probation Office respectfully recommends that the Court take no action at this time and allow the subject the opportunity to continue to make monthly payments pursuant to district policy. In addition, the Probation Office will closely monitor payment of restitution and report any future violations.

### Arrest for Disorderly Conduct

On 6/13/2006, the subject contacted this officer and reported his recent arrest for Disorderly Conduct on 6/10/2006. The subject stated that he was involved in a physical altercation with several individuals during a graduation party at a local nightclub. The

Prob 12B
(7/93)

4

subject added that he subsequently began arguing with police officers because he could not find his gold chain. The subject admitted that he was disruptive during the incident and that his defiant behavior resulted in his arrest for Disorderly Conduct. The subject also admitted that he consumed alcohol, but denied being intoxicated at the time of the incident.

On 6/19/2006, the subject's police report was reviewed at the Honolulu Police Department, Records Division. According to the police reports, on 6/10/2006 at 1:30 a.m., the subject and another male were yelling obscenities and challenging the passengers of vehicles traveling on Pohukaina and Ahui Streets. When police arrived at the scene, the subject was instructed to leave the area, but he refused to comply. After he failed to respond to several warnings, police used physical force to subdue and arrest him for Disorderly Conduct. Police reports indicate that the smell of alcohol was detected on the subject and he had difficulty walking and controlling his emotions.

On 6/21/2006, the subject reported for an office visit and was questioned about the incident. The subject acknowledged that he was involved in an altercation on 6/10/2006, but denied yelling at and challenging people driving in the area and/or the police. The subject was verbally admonished and informed that his conduct described in the police report would not be tolerated and that punitive sanctions must be imposed to impress upon him the importance of maintaining a law-abiding lifestyle. The subject stated that he understood and he agreed to comply.

To address the recent matter, the subject has agreed to modify his supervised release conditions which would require him to serve 2 months of home detention and prohibit the possession and use of alcohol. In addition, the subject has also agreed to undergo individual counseling sessions to address his recent behavior and determine whether further outpatient treatment is necessary.

Given the subject's willingness to participate in individual counseling sessions and acceptance of the punitive sanction of home detention, it is recommended that the Court allow the subject to remain under the supervision of our office with the recommended modifications to his conditions of supervised release. The Court will be notified if he is convicted of Disorderly Conduct.

Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modifications of the conditions of supervised release. The

Prob 12B
(7/93)

5

subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections.

                                      Respectfully submitted by,

                                      CARTER A. LEE
                                      U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 6/28/2006

---

THE COURT ORDERS:

[ ✓ ]   The Modification of Conditions as Noted Above
[   ]   Other

                                      DAVID ALAN EZRA
                                      U.S. District Judge

                                      7/5/06
                                      Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

     I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

     I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

Mandatory Condition:

    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

6.    That defendant is prohibited from the possession and use of alcohol.

7.    That the defendant serve 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _____  Signed: _____
CARTER A. LEE                    OWEN K. ABAD
U.S. Probation Officer           Supervised Releasee

6/21/05
Date