

Prob 12C
(Rev. 3/95 D/HI)

**ORIGINAL**

**SEALED BY ORDER OF THE COURT**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 0 2007

at ___ o'clock and ___ min. ___
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

U.S.A. vs. <u>OWEN K. ABAD</u>                          Docket No. <u>CR 02-00271DAE-01</u>

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of OWEN K. ABAD , who was placed on supervision by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 11th day of December, 2002, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. That the defendant is prohibited from possessing any illegal or dangerous weapons.

4. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That restitution of $18,736 is due immediately to Adam and Rita Cichon, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

The subject's term of supervised release commenced on 11/18/2005.



On 7/6/2006, the Court granted a modification of the subject's conditions of supervised release by amending the Mandatory Condition and adding Special Conditions 6 and 7 as follows:

Mandatory Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

6. That defendant is prohibited from the possession and use of alcohol.

7. That the defendant serve 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Judgment and 12B attached) as follows:

1. That on 4/12/2007, the subject engaged in conduct constituting Harassment, in violation of H.R.S. § 711-1106, and in violation of the General Conditions.

2. That on 4/12/2007, the subject engaged in conduct constituting Disorderly Conduct, in violation of H.R.S. § 711-1101, and in violation of the General Conditions.

3. That on 4/12/2007, the subject engaged in conduct constituting Harassment Against a Police Officer, in violation of H.R.S. § 711-1106, and in violation of the General Conditions.

4. That on 4/12/2007, the subject engaged in conduct constituting Resisting Arrest, in violation of H.R.S. § 710-1026, and in violation of the General Conditions.

5. That on 4/12/2007, the subject possessed and used alcohol, in violation of Special Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

3

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓]  The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ]  Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    4/18/2007

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

---

### ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed until such time the defendant has been arrested and the warrant duly executed.

Considered and ordered this 18th day of April, 2007, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:     ABAD, Owen K.
        Criminal No. CR 02-00271DAE-01
        **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

As background information, the subject pled guilty to Burglary of a Residence. On 12/11/2002, he was sentenced to 55 months imprisonment and 3 years of supervised release with the special conditions noted in the petition. The subject's term of supervised release commenced on 11/18/2005. During his processing, the terms and conditions of supervised release were reviewed with the subject and he acknowledged that he understood supervision requirements. He was specifically advised not to commit a federal, state, or local crime.

As the Court may recall, the subject failed to make complete restitution payments for the months of January, February, and April 2006. In addition, the subject was arrested for Disorderly Conduct on 6/10/2006. The subject stated that he was involved in a physical altercation with several individuals during a graduation party at a local nightclub. The subject added that he subsequently began arguing with police officers because he could not find his "gold chain." The subject admitted that he was disruptive during the incident and that his defiant behavior resulted in his arrest. The subject also admitted that he consumed alcohol, but denied being intoxicated at the time of the incident.

On 6/19/2006, the subject's police report was reviewed at the Honolulu Police Department, Records Division. According to the police reports, on 6/10/2006 at 1:30 a.m., the subject and another male were yelling obscenities and challenging the passengers of vehicles traveling on Pohukaina and Ahui Streets. When police arrived at the scene, the subject was instructed to leave the area, but responded, "Fuck you, I not leaving" and began "bouncing around as if ready to fight." After he failed to respond to several warnings, police used physical force to subdue and arrest him for Disorderly Conduct. Police reports indicate that the smell of alcohol was detected on the subject and he had difficulty walking and controlling his emotions.

On 6/21/2006, the subject reported for an office visit to address his arrest on 6/10/2006. The subject was verbally admonished regarding his disorderly conduct and told that punitive sanctions must be imposed to impress upon him the importance of maintaining a law-abiding lifestyle. The subject was also warned that any future violations would result in further sanctions, to include the revocation of his term of supervised release. The subject stated that he understood and agreed to comply.

Your Honor was notified of the aforementioned violations on 6/28/2006. To address his misconduct, Your Honor modified the subject's supervised release conditions to require him to serve 2 months of home detention and prohibit the possession and use of alcohol. In addition, the subject resumed individual counseling

Re:   ABAD, Owen K.
      Criminal No. CR 02-00271DAE-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2

sessions and the modified mandatory drug testing condition allowed random drug testing throughout the remaining term of his supervision. The Disorderly Conduct case was subsequently dismissed on 7/17/2006.

However, as discussed below, the subject recently engaged in similar disorderly and assaultive conduct on 4/12/2007:

**Violation Nos. 1, 2, 3 and 4 - Conduct Constituting Harassment, Disorderly Conduct, Harassment Against a Police Officer, and Resisting Arrest:**

On 4/13/2007, the subject's girlfriend left a message for this officer reporting the subject's arrest on 4/12/2007 for multiple charges. On 4/17/2007, the subject reported to the U.S. Probation Office to submit a random drug test and address his recent arrest. The subject admitted that he was involved in an altercation with law enforcement officials on 4/12/2007. However, he added that he was "jumped" by law enforcement officials while he was attempting to break up a fight between his co-workers in the parking lot of a local bar. He also noted that law enforcement officials were "disrespectful" and that he intended to file a formal complaint with the Honolulu Police Department (HPD).

According to HPD police reports, on 4/12/2007 at approximately 7:00 p.m., investigators responded to a reported fight in the parking lot of TJ's Sports Bar and Grill located at 600 Ala Moana Boulevard, Honolulu, Hawaii. Investigative reports indicated that the fight involved several males and a crowd of bystanders. Upon approaching the parking lot of TJ's Sports Bar and Grill, investigators observed the subject bare-chested and wearing blue jeans, yelling obscenities at bystanders and arguing with another male. A witness later identified as the subject's co-worker reported that the subject was challenging restaurant patrons to fight and later could not find his "gold chain." During the investigation, the subject attempted to bear hug one of the responding police officers and pushed another police officer. Despite several warnings to calm down, the subject repeatedly yelled, "Fuck! Where's my gold chain?" and resisted the officer's attempts to detain him. In this regard, the subject would move his shoulders, arms, and feet in a defensive manner to avoid being handcuffed. Eventually, three police officers used non-lethal force to take the subject to the ground and subdue him. During the scuffle, the subject told one of the police officers, "Fuck you, I am a bad mother fuckah and I can kick your ass right now, now get off my back you fucking japanee." The subject was subsequently arrested and charged with Harassment Against a Police Officer, a petty misdemeanor; Disorderly Conduct, a petty misdemeanor; Resisting Arrest, a misdemeanor; and an unrelated arrest warrant stemming from his failure to appear in State court on 11/15/2006 for a child restraint violation. While being

Re:   ABAD, Owen K.
      Criminal No. CR 02-00271DAE-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

transported to the HPD cellblock, the subject continued to display uncooperative and belligerent behavior. According to the transporting officer, the subject failed to follow verbal instructions and repeatedly hit the plexi-glass divider with his head approximately 10 to 15 times.

After the subject was arrested, several witnesses provided statements to law enforcement officials. Specifically, a waitress at the establishment reported that the subject harassed her. In this regard, the waitress reported that the subject asked for her phone number and repeatedly gave her "unwanted back rubs" despite her requests to stop. The waitress reported that she was "very uncomfortable and disgusted" and agreed to cooperate in his prosecution. As a result, the subject was also charged with Harassment, a petty misdemeanor.

On 4/17/2007, HPD officer Patrick Fo was contacted to confirm the subject's statements and misconduct on 4/12/2007. Officer Fo confirmed that the subject repeatedly refused to follow instructions which eventually lead to his arrest for the aforementioned offenses. He added that the subject was "extremely intoxicated" based upon the strong odor of alcohol emitting from his breath, his belligerent and irrational behavior, and the numerous empty beer bottles and tequila shot glasses in the area of the restaurant where he and his co-workers were situated. Upon this officer's request, Officer Fo agreed to testify at the subject's revocation proceedings upon the service of an official subpoena. He also verified that all of the 4/12/2007 charges were referred to the City and County Prosecuting Attorney's Office for further proceedings.

### Violation No. 5 – Possession and Use of Alcohol:

As described above, HPD officers reported that the subject emitted a strong odor of alcohol upon his arrest on 4/12/2007. Specifically, one of the officers described the subject as being "extremely intoxicated."

Based upon the aforementioned violations, it is respectfully recommended that a No Bail warrant be issued and the subject be brought before the Court to show cause why supervision should not be revoked. The subject has failed to take advantage of past opportunities to stabilize his life and was involved in another incident involving alcohol and disorderly behavior. In considering the subject's inability to refrain of excessive alcohol consumption and his threatening and assaultive behavior toward the public and law enforcement officials, it appears he will not benefit from continued supervision and presents a danger to the community.

Re:  ABAD, Owen K.
     Criminal No. CR 02-00271DAE-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 4

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/tcp

Re:   ABAD, Owen K.
      Criminal No. CR 02-00271DAE-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 5

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT**

**CONSIDERATION**

    None.

PROB. 12B
(7/93)

RECEIVED

'06 JUL -6 A11:21

U.S. PROBATION OFFICE
HONOLULU, HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 6 2006

at __11__ o'clock and ____ min. ___M
SUE BEITIA, CLERK

**United States District Court**

for the

**DISTRICT OF HAWAII**

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: OWEN K. ABAD           Case Number: CR 02-00271DAE-01

Name of Sentencing Judicial Officer:  The Honorable David Alan Ezra
U.S. District Judge

Date of Original Sentence: 12/11/2002

Original Offense: BURGLARY OF A RESIDENCE, in violation of Hawaii Revised Statutes (HRS) § 708-810 and 18 U.S.C. § 13, a Class B felony

Original Sentence: Fifty-five (55) months imprisonment to be followed by three (3) years supervised release. The following special conditions were ordered: 1) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 2) That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) That the defendant is prohibited from possessing any illegal or dangerous weapons; 4) That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office; and 5) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition. The Court also ordered that restitution of $18,736 is due immediately to Adam and Rita Cichon, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived.

Prob 12B
(7/93)

2

<u>Type of Supervision: Supervised Release   Date Supervision Commenced: 11/18/2005</u>

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

Mandatory Condition:

> That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

6. That defendant is prohibited from the possession and use of alcohol.

7. That the defendant serve 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

## CAUSE

| <u>Violation Number</u> | <u>Nature of Noncompliance</u> |
|---|---|
| 1. Special Condition | The defendant has not made restitution payments as required by the District of Hawaii Collection Policy. |
| 2. General Condition | On 6/9/2006, the defendant was arrested for Disorderly Conduct, a violation of HRS § 711-1101, a petty misdemeanor. |

On 11/18/2005, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii.

This report concerns 1) the subject's non-payment of restitution for the months of January, February, and April 2006; and 2) the subject's arrest on 6/9/2006 for Disorderly Conduct.

### Non-payment of Restitution

During his orientation to the supervision process, the subject was informed that he would be required to pay restitution pursuant to the District of Hawaii Fine and Restitution Policy. The policy requires monthly payments equal to 10 percent of an individual's gross monthly income if they receive less than $1,200 net. If an individual receives a net income of $1,200 or more, the policy requires payments of 25 percent of the net income. The subject acknowledged that he understood the policy. However, the subject has failed to submit restitution payments as set forth below:

| Month | Amount Due | Due Date | Payment Received | Arrearage |
|---|---|---|---|---|
| January | $592.20 | 2/28/2006 | $480 | **$112.20** |
| February | $510.79 | 3/30/2006 | $275 | **$235.79** |
| March | $583.32 | 4/30/2006 | $600 | +16.86 |
| April | $473.93 | 5/31/2006 | $355 | **$118.93** |
|  |  |  |  | **$450.06** |

As indicated, the subject only submitted partial restitution payments for the months of January, February, and April 2006. The subject is employed as a full-time laborer at WDI Industries, Honolulu, Hawaii. When questioned about his delinquent payments, the subject stated that he had been experiencing difficulty paying for his current living expenses after his net monthly income exceeded $1,200 in January 2006, and he was required to pay 25 percent of said income toward his restitution. The subject also noted that his expenses had continued to increase in preparation for the recent birth of his son and relocation to another residence. As a result, the subject is $450.06 behind on his restitution payments (approximately 3 months).

On 6/7/2006, the subject was issued a written reprimand and instructed to submit to a financial analysis. An initial review of his income and self-reported expenses indicate that the subject's expenses are greater than his income. However, verifying documentation regarding his reported expenses are still pending.

In considering the above information, the Probation Office respectfully recommends that the Court take no action at this time and allow the subject the opportunity to continue to make monthly payments pursuant to district policy. In addition, the Probation Office will closely monitor payment of restitution and report any future violations.

### Arrest for Disorderly Conduct

On 6/13/2006, the subject contacted this officer and reported his recent arrest for Disorderly Conduct on 6/10/2006. The subject stated that he was involved in a physical altercation with several individuals during a graduation party at a local nightclub. The

subject added that he subsequently began arguing with police officers because he could not find his gold chain. The subject admitted that he was disruptive during the incident and that his defiant behavior resulted in his arrest for Disorderly Conduct. The subject also admitted that he consumed alcohol, but denied being intoxicated at the time of the incident.

On 6/19/2006, the subject's police report was reviewed at the Honolulu Police Department, Records Division. According to the police reports, on 6/10/2006 at 1:30 a.m., the subject and another male were yelling obscenities and challenging the passengers of vehicles traveling on Pohukaina and Ahui Streets. When police arrived at the scene, the subject was instructed to leave the area, but he refused to comply. After he failed to respond to several warnings, police used physical force to subdue and arrest him for Disorderly Conduct. Police reports indicate that the smell of alcohol was detected on the subject and he had difficulty walking and controlling his emotions.

On 6/21/2006, the subject reported for an office visit and was questioned about the incident. The subject acknowledged that he was involved in an altercation on 6/10/2006, but denied yelling at and challenging people driving in the area and/or the police. The subject was verbally admonished and informed that his conduct described in the police report would not be tolerated and that punitive sanctions must be imposed to impress upon him the importance of maintaining a law-abiding lifestyle. The subject stated that he understood and he agreed to comply.

To address the recent matter, the subject has agreed to modify his supervised release conditions which would require him to serve 2 months of home detention and prohibit the possession and use of alcohol. In addition, the subject has also agreed to undergo individual counseling sessions to address his recent behavior and determine whether further outpatient treatment is necessary.

Given the subject's willingness to participate in individual counseling sessions and acceptance of the punitive sanction of home detention, it is recommended that the Court allow the subject to remain under the supervision of our office with the recommended modifications to his conditions of supervised release. The Court will be notified if he is convicted of Disorderly Conduct.

Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modifications of the conditions of supervised release. The

Prob 12B
(7/93)

5

subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

*[signature]*

CARTER A. LEE
U.S. Probation Officer

Approved by:

*[signature]*

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 6/28/2006

---

THE COURT ORDERS:

[ ✓ ]   The Modification of Conditions as Noted Above
[ ]   Other

*[signature]*

DAVID ALAN EZRA
U.S. District Judge

7/5/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

Mandatory Condition:

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

6.   That defendant is prohibited from the possession and use of alcohol.

7.   That the defendant serve 2 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _____
CARTER A. LEE
U.S. Probation Officer

Signed: _____
OWEN K. ABAD
Supervised Releasee

6/21/06
Date

# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 18 2002

at 4 o'clock and 10 min. P M.
WALTER A. Y. H. CHINN, CLERK

'02 DEC 19 A10 :54
U.S. PROBATION OFFICE
HONOLULU, HAWAII

UNITED STATES OF AMERICA

v.

**OWEN K. ABAD**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **1:02CR00271-001**

Donna Gray, AFPD
Defendant's Attorney

## THE DEFENDANT:

[✔]  pleaded guilty to count(s): <u>1 of the Indictment</u> .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| HRS §708-810 and 18 U.S.C. §13 | Burglary of a residence | 6/04/2002 | 1 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   02/09/1984

Defendant's USM No.:   89523-022

Defendant's Residence Address:
211 Karsten Drive
Wahiawa, HI 96786

Defendant's Mailing Address:
211 Karsten Drive
Wahiawa, HI 96786

December 11, 2002
Date of Imposition of Judgment

Signature of Judicial Officer

DAVID ALAN EZRA, Chief United States District Judge
Name & Title of Judicial Officer

Dec. 18, 2002
Date

ATTEST: A True Copy
WALTER A. Y. H. CHINN
Clerk, U.S. District Court
By ___

AO 245B (Rev. 8/96) Sheet 2 - Imprisonm

CASE NUMBER:     1:02CR00271-001                                          Judgment - Page 2 of 6
DEFENDANT:       OWEN K. ABAD

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 55 MONTHS .

[✔]   The court makes the following recommendations to the Bureau of Prisons:
      FSP Duluth, MN or any other minimum security facility located in the State of Minnesota.
      Educational and Vocational training. Drug treatment. Mental Health treatment.

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

      Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

                                                              _____
                                                              UNITED STATES MARSHAL

                                                         By   _____
                                                              Deputy U.S. Marshal

CASE NUMBER:      1:02CR00271-001
DEFENDANT:        OWEN K. ABAD

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER: 1:02CR00271-001
DEFENDANT: OWEN K. ABAD

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

1) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2) Defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3) That the defendant is prohibited from possessing any illegal or dangerous weapons.

4) That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5) That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:     1:02CR00271-001
DEFENDANT:       OWEN K. ABAD

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $ 100.00   | $    | $ 18,736.00 |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement .......... $ ____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ __.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ]  The interest requirement is waived.

  [ ]  The interest requirement is modified as follows:

# RESTITUTION

[ ]  The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[✔]  The court modifies or waives interest on restitution as follows:
     Interest is waived.

[✔]  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---------------|------------------------|-------------------------------|------------------------------|
| Adam and Rita Cichon | | $18,736.00 | |
| TOTALS: | | $ 18,736.00 | $ ___ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

| CASE NUMBER: | 1:02CR00271-001 | Judgment - Page 6 of 6 |
|---|---|---|
| DEFENDANT: | OWEN K. ABAD | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [✓]    in full immediately; or

B    [ ]    $ _ immediately, balance due (in accordance with C, D, or E); or

C    [ ]    not later than _ ; or

D    [ ]    in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ]    in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties: That restitution of $18,736 is due immediately to Adam and Rita Cichon, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.